UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEVIN L. SAGO, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 4:17-CV-1097 RWS |
| TROY STEELE, | ) |  |
| Respondent, | ) |  |

## MEMORANDUM AND ORDER

This matter is before me on the petition of Kevin Sago for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the revocation of parole. After reviewing the case file, it appears the petition must be denied as time-barred.

On October 25, 2011, petitioner pled guilty to one count of first-degree assault, and the court sentenced him to ten-and-one-half years' imprisonment. *Missouri v. Sago*, No. 10NM-CR00009-02 (34th Judicial Cir.). The Court suspended execution of the sentence, however, and placed him on five years of supervised probation. On July 9, 2014, the prosecutor for New Madrid County filed a motion to revoke probation because he had been charged with various felonies, including assault, burglary, and kidnapping.

On November 5, 2014, the state court held a simultaneous hearing on the June 2014 charges and the motion to revoke, with two judges presiding over the proceedings. *See Sago v. Steele*, No. 15SF-CC00162 (24th Judicial Cir.) (Mem., Order, and J. entered Nov. 5, 2015). The court found that petitioner had violated the terms of his probation and imposed the ten-and-one-half-year sentence. Petitioner did not appeal.

On August 14, 2015, petitioner filed a Rule 91 petition for writ of habeas corpus in the Circuit Court of St. Francois County. *Sago*, No. 15SF-CC00162. The court denied the petition on November 5, 2015. Petitioner filed an original Rule 91 petition in the Missouri Court of Appeals on January 4, 2016. *Sago v. Steele*, No. ED103842 (Mo. Ct. App.). The court denied the petition without a formal opinion on February 1, 2016.

Petitioner filed this action on March 9, 2017. He argues that the trial court violated his constitutional rights during the revocation hearing.

Under 28 U.S.C. § 2244(d), a state habeas petitioner has one year from the time his state judgment becomes final to file a § 2254 petition. The period is tolled during the pendency of any properly filed motion for postconviction relief. *Id.*

Assuming that petitioner's Rule 91 habeas petitions were properly filed, the one-year limitations period for filing this action expired on about April 4, 2016. Therefore, it appears this action is barred by the limitations period and must be denied unless petitioner can establish a basis for equitable tolling.

Petitioner argues that the Missouri Court of Appeals prevented him from filing this case in a timely manner because it never issued a formal Opinion or a Mandate. He maintains that the state court's inaction entitles him to equitable tolling.

Petitioner is incorrect. A Rule 91 petition, whether filed in a Circuit Court or the Missouri Court of Appeals, is an original proceeding. Mo. R. Civ. P. 84.24. The Missouri Rules specifically allow the Courts of Appeals to dismiss an original petition without an official opinion. *Id.* The summary dismissal is the termination of the case and motions for reconsideration are not permitted. *Id.*

The Missouri Courts of Appeals do not issue mandates after the dismissal of original writs. The purpose of issuing a mandate is to transfer jurisdiction of an *appeal* to the lower court. *Cf. Missouri v. Teter*, 747 S.W.2d 307, 308 (Mo. Ct. App. 1988) (per curiam). The filing of a writ of habeas corpus in the Missouri Court of Appeals is not the same thing as filing an appeal. It is an original proceeding, and as such, there is no jurisdiction that can be transferred to a lower court. As a result, petitioner's argument is legally frivolous.

Petitioner's misunderstanding of the Missouri Rules of Civil Procedure is not likely to establish a basis for equitable tolling. *See, e.g., Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (explaining that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

To establish equitable tolling, petitioner must show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Court will give petitioner twenty-one days to show cause why the petition should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner must show cause, no later than twenty-one (21) days from the date of this Order, why this action should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this case without further proceedings.

Dated this 30th day of March, 2017.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE